IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RECEIVED
IN CLERK'S OFFICE
MAY 17 2007
U.S. DISTRICT COURT
MID. DIST. TENN.

NIVISYS INDUSTRIES, LLC, )
      Plaintiff, )
vs. ) CIVIL ACTION NO. 1 07 0038
TIMOTHY STAMEY, and ) JUDGE ~~CAMPBELL~~ TRAUGER
NIGHT VISION DEPOT, INC., )
      Defendants. )

## ~~PROPOSED~~ TEMPORARY RESTRAINING ORDER

AND NOW, upon consideration of Plaintiff Nivisys Industries, LLC's Motion for Temporary Restraining Order, the Court finds:

1. Plaintiff Nivisys is engaged in the business of designing, manufacturing, and marketing tactical night vision technology products, including, but not limited to, image intensified and thermal goggles, viewers, binoculars, weapon sights, viewers and cameras, as well as lasers and sensors, and other night vision accessories. Plaintiff Nivisys has a nationwide customer base, which includes various branches of the United States Armed Forces.

2. Defendant Night Vision Depot, like Plaintiff Nivisys, is engaged in the business of designing, manufacturing and marketing tactical night vision technology products. Defendant Night Vision Depot is a direct competitor of Plaintiff in the market for night vision technology products used by various branches of the United States Armed Forces.

3. Defendant Stamey commenced his employment with Nivisys as Director, Business Development, U.S. Government, on or about July 18, 2006, at which time he executed his Confidentiality Agreement.

4. During his employment with Plaintiff Nivisys, in direct violation of his Confidentiality Agreement and his duty of loyalty to Plaintiff Nivisys, Defendant Stamey, during working time, repeatedly conferred with representatives of Defendant Night Vision Depot, during which times Defendant Stamey, upon information and belief, engaged in the following:

   a. Defendant Stamey shared confidential trade secret information regarding Plaintiff Nivisys's products and discussed Plaintiff Nivisys's business operations; and

   b. Defendant Stamey, using his knowledge of Plaintiff Nivisys's confidential trade secret information, assisted Defendant Night Vision Depot with the preparation of its response to U.S. Government Sources Sought Notices, including the U.S. Government's Binocular Helmet Mounted Night Vision Goggle Sources Sought Notice, in direct competition with Plaintiff Nivisys.

5. During and subsequent to his employment with Plaintiff Nivisys, upon information and belief, Defendant Stamey disclosed and continues to disclose Plaintiff Nivisys's confidential information to Defendant Night Vision Depot and/or other of Plaintiff Nivisys's competitors, and/or used and continues to use Plaintiff Nivisys's confidential information for the benefit of Defendant Night Vision Depot and/or other of Plaintiff Nivisys's competitors.

6. Defendant's actions, as alleged, are in direct breach of his Confidentiality Agreement and his contractual and common law duties to Nivisys.

7. Nivisys has a high likelihood of success on the merits. As set forth in its Memorandum of Law, Nivisys has alleged and supported with documentation that Defendant Stamey has breached and continues to breach his enforceable Agreement with Nivisys which may irreparably harm the Plaintiff, if not restrained.

8. The balance of the harms weighs in favor of injunctive relief. In balancing the harms, it is clear that Nivisys is at serious risk of irreparable harm without the entry of the restraining order,

whereas Defendants are at ~~absolutely no~~ <ins>less</ins> risk if the status quo is preserved.

9. It is in the public interest to grant the restraining order. Parties to a contract have an expectation that each will act in good faith and that they will receive the benefit of their agreement throughout its duration. The public and parties to an agreement also have an interest in seeing that parties to an agreement fulfill their obligations under a contract and uphold their promises.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED that Defendants Stamey and Night Vision Depot, and all those in active concert or participation with them who receive actual notice of this restraining order by personal service or otherwise, from:

a. For any reason and in any fashion, either directly or indirectly, using, selling, lending, leasing, distributing, licensing, giving, transferring, assigning, showing, disclosing, disseminating, reproducing, copying, appropriating or otherwise communicating and proprietary property, trade secret or confidential information of Plaintiff Nivisys for or to any entity, individual, company or corporation; and

b. Destroying any of Plaintiff Nivisys' proprietary property, trade secret or confidential information in their possession.

c. Destroying or deleting any information, in any form (including electronic information and data), that is or may be relevant to this matter.

IT IS FURTHER ORDERED THAT:

1. Defendants show cause before this Court why a preliminary injunction should not be ordered according to the terms and conditions set forth above <ins>at a hearing to be held on May 25, 2007 at 9:30 am in Judge Trauger's Courtroom in Nashville, TN.</ins>

<ins>Temporary Restraining Order, not conditioned on the posting of a bond and issued on May 17, 2007 at 4:20 p.m. at Nashville, TN.</ins>

/s/ Aleta A. Trauger
U.S. District Judge